IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MELISSA WILLES, individually
and on behalf of all others similarly
situated,

                      Plaintiff,                  OPINION AND ORDER

    v.

                                                  10-cv-441-wmc

ALTA COLLEGES, INC., WESTWOOD
COLLEGE, INC., TRAVE CORPORATION,
WESTWOOD COLLEGE ONLINE, and
WESGRAY CORPORATION,

                      Defendants.

---

Plaintiff Melissa Willes originally filed this civil action on July 7, 2010, in the Circuit Court for Rock County, Wisconsin, alleging that defendants violated Wis. Stat. 38.50(10)(a), by operating, advertising for and enrolling students in an online school without approval from the Wisconsin Education Approval Board ("WEAB"). Pursuant to 28 U.S.C. § 1441(b), defendants subsequently removed based on the assertion that federal diversity jurisdiction exists here under 28 U.S.C. § 1332(a)(1) or (d)(2)(A). A review of the pleadings and defendants' notice of removal, however, establishes otherwise. Accordingly, this case will be remanded to state court.

OPINION

This court has "an independent obligation to satisfy itself that federal subject matter jurisdiction exists before proceeding to the merits in any case." *Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). As the removing party, it is

defendants' burden to "offer evidence that proves to a reasonable probability that jurisdiction, including the requisite amount in controversy exits." *Tropp v. Western-Southern Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004). Defendants advanced evidence sufficient to prove a reasonable probability that the parties are completely diverse as required under 28 U.S.C. § 1332. (*See* Defs.' Notice of Removal (dkt. #1) at 2.) Where defendants failed is in proving that the necessary amount in controversy has been satisfied. Accordingly, the court must dismiss this case for lack of subject matter jurisdiction and remand the case to the Circuit Court for Rock County.

## I. Jurisdiction under § 1332(a)(1)

Under § 1332(a)(1), a district court has original jurisdiction over a civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive interest and costs, and is between citizens of different States." Defendants contend that the amount in controversy exceeds $75,000 when all forms of relief sought by plaintiff are combined, including compensatory and punitive damages, reasonable attorney's fees and declaratory and injunctive relief. The facts before the court, however, prove otherwise.

In removal cases, the amount in controversy analysis focuses on the complaint at the time of removal. *Tropp*, 381 F.3d at 595. An examination of plaintiff's complaint establishes that she is seeking compensatory damages in the amount of $25,000, well below the $75,000 threshold. While defendants correctly note that the amount in controversy should include the reasonable attorney fees to which plaintiff would be entitled if successful on her claim brought under Wis. Stat. § 38.50(10)(f), the amount of

2

attorney's fees added into the "amount in controversy" pot is only that amount accumulated before the case was removed. *Tropp*, 381 F.3d at 595. Given the claims at issue here and the fact that the case was filed less than one month before removal, that amount must be small and certainly not sufficient to surpass the $75,000 threshold.

This does not end the analysis, however, since a plaintiff's request for punitive damages may be considered to meet the amount in controversy requirement. *Smith*, 337 F.3d at 893. But when punitive damages are *necessary* to pass the $75,000 threshold, a court first must decide whether punitive damages are recoverable as a matter of law. *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000). Here, there is nothing in the complaint or defendants' submissions to demonstrate that plaintiff has a legally-cognizable claim to recover punitive damages.

Under Wisconsin law, a plaintiff may recover punitive damages "if evidence is submitted showing that the defendant acted maliciously toward the plaintiff or in an intentional disregard of the rights of the plaintiff." Wis. Stat. § 895.043(3). The problem for defendants in this case (at least for removal purposes, though obviously not on the merits) is that although plaintiff requests punitive damages because defendants' actions allegedly "constitute an intentional disregard of the rights of the plaintiff," there is no explanation of the "rights" defendants intentionally disregarded. (*See* Pl.'s Compl. (dkt. #1-2) ¶21.) In other words, plaintiff fails to allege any claim asserting, much less facts establishing, that defendants violated some recognized right or duty that might permit an award of punitive damages, such as a claim for breach of fiduciary duty, fraudulent inducement or fraud.

3

Instead, plaintiff's complaint merely alleges a single cause of action against defendants arising from defendants' violation of Wisconsin Statute § 38.50(10)(a), which requires that all proprietary schools be examined and approved by the WEAB before operating or advertising in Wisconsin. The statute gives students, like plaintiff, a very specific cause of action under § 38.50(10)(f):

> (f) *Other remedies*. In addition to any other remedies provided at law, a student who attends a school that is in violation of par. (a) may bring a civil action to recover fees paid to the school in violation of par. (a) together with costs and disbursements, including reasonable attorney fees.

This private cause of action to recover fees, however, does not provide plaintiff with any new "right" that would support an award of punitive damages for its breach. If defendants in fact were not approved by the WEAB, plaintiff can recover fees paid to defendants, as well as the costs and disbursements expended to obtain the return of those fees, but nothing more is available under § 38.50(10)(f).[1]

Defendants also contend that if plaintiff were granted injunctive relief against defendants' operation and advertising of a proprietary school without WEAB approval, the cost of implementing that relief would surely raise the amount in controversy above $75,000. *See Tropp*, 381 F.3d at 595 ("the cost a defendant incurs in complying with

---

[1] An additional reason for reading the statute as not creating a right from which plaintiff could recover punitive damages is that § 38.50(10)(e) already includes its own "punitive" consequence: "*Penalties*. Any person who violates par. (a) may be required to forfeit not more than $500. Each day of operation in violation of par. (a) constitutes a separate offense." In other words, schools violating subsection (a) can be punished financially by those charged with enforcing the statute, that is, the attorney general or any district attorney. Wis. Stat. § 38.50(10)(d) & (e). Thus, there is not only no basis, but also no need to create a right to punitive damages in conjunction with students seeking fees paid to a violating school.

injunctive relief is a legitimate consideration in a jurisdictional inquiry"). Plaintiff has no right to obtain the injunctive relief under § 38.50(10)(f). Therefore, such relief is unavailable here.

Instead, the statue specifically provides the attorney general or a district attorney with the power to seek a temporary or permanent injunction against a school operating in violation of § 38.50(10)(a). No doubt this is why plaintiff's complaint states only a claim for the return of the fees she paid to defendants. By bringing her claim under § 38.50(10)(f), plaintiff is limited to the relief provided for in that provision -- recovery of fees paid to the school, costs and reasonable attorney fees.[2]

In the end, defendants have failed to provide evidence proving to a reasonable probability that the amount in controversy in this lawsuit exceeds § 1332's $75,000 threshold to trigger the court's subject matter jurisdiction, nor does such a recovery seem at all likely. On the contrary, at the time of removal, plaintiff's complaint provides for an amount in controversy slightly above $25,000 even when attorney's fees to date are included. Thus, the lawsuit does not fall within the court's diversity jurisdiction as provided under § 1332(a)(1).

## II. Jurisdiction under § 1332(d)(2)(A)

Because plaintiff's complaint contains allegations that she wanted to pursue her claim in the form of a class action, defendants also contend that the court has subject

---

[2] The statutory provision allows students, like plaintiff, to bring other claims that may provide for additional remedies as evidenced by the provision's "[i]n addition to any other remedies provided at law" language. Plaintiff, however, does not assert any other claims and is, therefore, limited to the remedy provided by statute.

matter jurisdiction under 28 U.S.C. § 1332(d)(2)(A), which governs the assertion of diversity in class actions. It, too, requires an amount in controversy, albeit a much higher one. To proceed under § 1332(d)(2)(A), there must be an amount in controversy exceeding $5,000,000, determined by aggregating individual putative class member's claims. 28 U.S.C. § 1332(d)(6). Defendants contend that the $5,000,000 threshold is satisfied here because the proposed class would have similar damages to plaintiff and the class would exceed 200 people.

While there are no allegations in plaintiffs' complaint even attempting to estimate the size of the proposed class, defendants offer an unsworn declaration from their Senior Vice President, and Chief Legal and Compliance Officer averring that the membership of plaintiffs' proposed class "would exceed over 200 individuals." (Ojile Decl. (dkt. #1-3) ¶6.) Even accepting this vague representation, defendants provide *no* evidence that class members would all have paid, and therefore be seeking, $25,000 or more in fees. As the party seeking to invoke the court's subject matter jurisdiction, indeed as the party in possession of *all* the relevant information as to the number of students and fees paid, defendants carried the burden of offering *evidence* proving to a reasonable probability the amount in controversy. Defendants' mere assumption that each putative class member would have suffered damages near $25,000 is insufficient to satisfy their burden. (*See* Defs.' Notice of Removal (dkt. #1) at 6 ("Assuming that Plaintiff's claim of $25,000 in fees represents the average damages of each putative class member . . . .").) Accordingly,

the court lacks subject matter jurisdiction over this case; and the case must be remanded to state court.[3]

ORDER

IT IS ORDERED that this case is REMANDED to the Circuit Court for Rock County, Wisconsin. The clerk of court is directed to return the record to the state court.

Entered this 31st day of March, 2011.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[3] Because the amount in controversy does not satisfy either statutory threshold under § 1332, the court cannot resolve any aspect of the merits in this case, including defendants' motion to compel arbitration. *See Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004) ("If, however, the case as a whole does not entail at the get-go a controversy exceeding $75,000, then the court must not resolve any aspect of it on the merits.").