UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

MELISSA WILLES, an
individual, on behalf of herself
and all others similarly situated

    Plaintiff,

v.

ALTA COLLEGES, INC.,
a Delaware corporation,
WESTWOOD COLLEGE, INC.,
a Colorado corporation,
TRAV CORPORATION,
a Colorado corporation f/d/b/a
Westwood College Online, and
WESGRAY CORPORATION,
a Colorado corporation d/b/a
Westwood College Online,

    Defendants.

Case No. 3:10-cv-00441-slc

## PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION AND SUPPORT THEREOF

Plaintiff submits this response consistent with the Court's Order (D.E. 38) granting Defendants' motion to stay and for reconsideration of its March 31, 2011 Order of remand. Specifically, the Court requested the parties to address two issues: (1) the impact of the Seventh Circuit's opinion in *Back Doctors LTD., v. Metro. Prop. and Cas. Insur. Co.*, No. 11-8003, 2011 WL 12061184 (7th Cir. Apr. 1, 2011); and (2) whether the Court may exercise diversity jurisdiction under the Class Action Fairness Act ("CAFA") despite Defendants' argument that Plaintiff is barred by the arbitration agreement from pursuing her case as a class action.

Defendants have chosen to focus on whether the parties agreed to bilateral, individual

1

arbitration before the American Arbitration Association ("AAA"). The parties have never agreed on the meaning of the arbitration agreement terms and Plaintiff continues to contend that said agreement is unconscionable, unenforceable, and therefore does not bind Plaintiff to arbitration in any form. Defendants, however, rightfully point out that "the School should not have had to remove this case under CAFA" because Defendants should have moved to compel arbitration while this case was in state court in Rock County. Rather, Defendants chose to forgo that option in what appears to be nothing more than forum shopping in order to, at the very least, litigate this action in federal court if this Court finds for Plaintiff. Despite being given a second opportunity to do so, Defendants offer no additional evidence in support of complete diversity jurisdiction and the Court's remand Order should be affirmed.

### Issue 1: Post *Back Doctors*, Defendants Still Fail To Satisfy The Evidentiary Standard Required For The Amount In Controversy

According to *Back Doctors*, "the estimate of the dispute's stakes advanced by the proponent of federal jurisdiction controls unless a recovery that large is legally impossible." *Back Doctors*, 2011 WL 1206184, *2 (internal citations omitted). Plaintiff does not argue that recovery in excess of $5 million is a legal impossibility, nor does Plaintiff argue that the relaxed standard set forth in *Back Doctors* is inapplicable here. However, Defendants still fail to meet the evidentiary standard set forth in *Back Doctors* by again proffering <u>no evidence</u> to suggest that the amount in controversy is sufficiently satisfied.

Defendants base the entirety of their support for removal on a now amended unsworn declaration by their Chief Legal and Compliance Officer ("Declaration") that this Court originally found to be vague and insufficient. (D.E. 38 at 6); *see CR3 of Indiana, LLC v. Specialty Surfaces Int'l, Inc.*, 2008 WL 3914092 (S.D. Ind. Aug. 19, 2008)(vague and general affidavits given no evidentiary weight). The Court should find the amendment equally

2

unpersuasive. Defendants again offer the same declaration with one amendment, that "there are more than 200 individuals who fall within this definition." (Ojile Amend. Decl.). Guided by the Seventh Circuit's ruling in *Back Doctors*, this may be a sufficient estimate regarding the <u>number of potential class members</u>, but it again fails to satisfy the <u>amount in controversy</u> element of diversity jurisdiction. Defendants simply proffered a potential number of class members, but offer no evidence of a legitimate estimate regarding the potential damages per student.

> In originally finding a lack of subject matter jurisdiction, this Court held:
>
>> Defendants contend that the $5,000,000 threshold is satisfied here because the proposed class would have similar damages to plaintiff and the class would exceed 200 people. <u>Even accepting this vague representation, defendants provide *no* evidence that class members would all have paid, and therefore be seeking, $25,000 or more in fees. Defendants' mere assumption that each putative class member would have suffered damages near $25,000 is insufficient to satisfy their burden. (See Defs.' Notice of Removal (dkt. #1) at 6 ("Assuming that Plaintiff's claim of $25,000 in fees represents the average damages of each putative class member....").)</u> Accordingly this court lacks subject matter jurisdiction over this case; and the case must be remanded to state court.

(D.E. 38 at 6)(emphasis added). In its Order dated March 31, 2011, the Court specifically identified where the Defendants' argument fails. Once again however, Defendants provided the Court with <u>no</u> evidence that class members would all have paid $25,000 or more in fees. Defendants are simply assuming that all potential class members have $25,000 claims in order to satisfy their own forum shopping agenda. The Court noted in its remand Order that Defendants have "*all* the relevant information as to the number of students and fees paid." (D.E. 38 at 6)(emphasis in original). Despite this fact, Defendants again failed to produce a single document or declaration establishing an average damage. Interestingly, Defendants base this

3

unsupported estimate of $25,000 on Plaintiff's allegations that she shared "the same wrongs as the Class Members generally." (Def. Resp. at 7). This assertion is completely unfounded. Plaintiff's allegation is clearly referring to the claim that Defendants were unlicensed in the state of Wisconsin and that she shares "the same wrongs as the Class Members generally" due to Defendants' illegal activity. The fact that Plaintiff alleges she is similarly situated to putative class members in no way establishes that their damage amounts are identical. This allegation has no connection to the pecuniary damages sought by any other similarly situated student.

Further, this "average" number is glaringly self-serving, as simple math reveals the motivation behind this convenient amount. When multiplying this unsubstantiated $25,000 average amount by the 200 students, the $5,000,000 amount in controversy is magically satisfied. Defendants are thereby asking this Court to "take their word for it" or "fittingly assume" an average of $25,000 without a single proffer of evidence. The Seventh Circuit's ruling in *Back Doctors* certainly did not establish the precedent that proponents of federal jurisdiction can satisfy evidentiary standards without proffering any evidence.

Defendants have again failed to produce any evidence to substantiate that the amount in controversy is not legally impossible. Rather, Defendants amended the Declaration to be more affirmative in the number of students, while wholly ignoring the Court's notice regarding evidence of the estimate amount in controversy. This Court specifically ruled against this tactic finding a lack of subject matter jurisdiction and should do so again here by affirming the Order of remand.

**ISSUE 2:** **The Court Has Properly Remanded This Action Back To State Court**

Defendants, since the inception of this case, have submitted the arguments that no class action exists, while simultaneously arguing for purposes of removal to federal court that a class action does exist. Defendants fervently argue that the parties never agreed to class action arbitration. They continuously argue *Stolt-Nielsen S.A. v. AnimalFeeds International Corporation,* 130 S.Ct. 1758 (2010) in support of the claim that class arbitration is precluded where there is no express consent. Further, Defendants contend that Plaintiff must be compelled by this Court to individual, bilateral arbitration. Yet, Defendants ask the Court to consider "more than 200 individuals" and their unsubstantiated collective damages in order to proceed in federal court. According to Defendants, for the purposes of removal, this case is a class action with hundreds of students and more than $5,000,000 in potential damages, while simultaneously maintaining for the purposes of actual litigation and remedies that this is an individual case that cannot even survive under § 1332(a)(1) for failure to satisfy the $75,000 mandate.[1] (Def. Resp. at 8). Defendants are asking the Court to use class action standards in order to remove to federal court, while at the same time arguing that no class action exists.

Defendants attempt to answer the Court's question regarding diversity jurisdiction under CAFA by citing *Cunningham Charter Corp. v. Learjet, Inc.,* 592 F.3d 805 (7th Cir. 2010). Although this case lends significant insight regarding the issue of when jurisdiction attaches, it in no way relaxes the standards of establishing federal jurisdiction before any subsequent analysis may begin; a hurdle Defendants have failed to achieve here. Judge Posner noted in *Cunningham,* "there are, it is true,

---

[1] Plaintiff does not concede that punitive damages or injunctive relief are unavailable under Wisconsin law and will address the availability of such relief at a more appropriate time.

5

exceptions to the principle that once jurisdiction, always jurisdiction," for example where "[i]t is discovered that there was no jurisdiction at the outset." *Id.* at 807 (emphasis added). *Cunningham* specifically dealt with the question of whether a federal court loses jurisdiction of a CAFA class action claim if class certification is denied. In *Cunningham*, federal jurisdiction was already established and satisfied by the proponent of federal jurisdiction, allowing the district court to rule on class certification. That is not the case here. The issue currently before this Court is whether Defendants have met their initial burden to establish diversity jurisdiction, not whether the Court loses any potential jurisdiction provided for under CAFA. Currently the Court has no jurisdiction to lose, as it has yet to attach—a fact the Court properly determined in remanding this case back to state court. (D.E. 38).

Defendants are putting the cart before the horse, as they have failed to establish diversity jurisdiction under 28 U.S.C. 1332, which requires both diversity of citizenship and the amount in controversy to be satisfied in order for jurisdiction to attach. This Court recognized that Defendants did not satisfy diversity jurisdiction at the outset as they failed to provide any evidence to support the amount in controversy and properly remanded the case to state court. Defendants, given a second chance to substantiate a proper estimate of the amount in controversy, provided no additional support as required to satisfy the Court. Therefore, the remand Order should be affirmed.

Respectfully submitted,
JAMES, HOYER, NEWCOMER, SMILJANICH, & YANCHUNIS, P.A.

/s/Jonathan B. Cohen

Jonathan B. Cohen
JCohen@jameshoyer.com
John A. Yanchunis
JYanchunis@jameshoyer.com
One Urban Centre, Suite 550
4830 W. Kennedy Blvd.

Tampa, FL 33609
Telephone: 813-286-4100
Facsimile: 813-286-4174

James D. Wickhem
State Bar No.: 1016400
JWickhem@mwlslaw.com
MEIER, WICKHEM, LYONS &
 SCHULZ, S.C.
25 North Atwood Avenue
Janesville, WI 53545
Telephone: (608) 752-8787
Facsimile: (608) 752-5117

Mark Peterson
MPeterson@mmplaw.com
MCNALLY, MALONEY & PETERSON
2600 N. Mayfair Rd., Suite 1080
Milwaukee, WI 53226
Telephone: (414) 257-3399
Facsimile: (414) 257-3223
Counsel for Plaintiff Melissa Willes

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that Plaintiff's Response In Opposition To Defendants' Motion For Reconsideration and Support Thereof has been filed using the Court's CM/ECF System this 22nd day of April, 2011, which will send a Notice of Electronic Filing to:

William F. Bauer
Karen M. Gallagher
COYNE SCHULTZ BECKER & BAUER, S.C.
150 East Gilman Street, Suite 1000
Madison, WI 53703

Peter Homer
HOMER BONNER

1200 Four Seasons Tower
1441 Brickell Avenue
Miami, FL 33131

                                                /s/Jonathan B. Cohen
                                                Jonathan B. Cohen