IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MELISSA WILLES, §
an individual on behalf of §
herself and all others §
similarly situated, §
§
§
Plaintiff, §
§ Case No. 3:10-cv-00441-slc
v. §
§
ALTA COLLEGES, INC., §
a Delaware Corporation, §
WESTWOOD COLLEGE, INC., §
a Colorado Corporation, et al., §
§
Defendants. §
_____/

## THE SCHOOL'S REPLY IN FURTHER SUPPORT OF THE SCHOOL'S MOTION TO STAY ORDER OF REMAND OR, ALTERNATIVELY, FOR RECONSIDERATION

Defendants (the "School") submit this reply to Plaintiff's April 22, 2011 response (D.E. 44) to the Court's Order (D.E. 41) granting the School's motion to stay and for reconsideration of the March 31 Order of Remand.

Plaintiff admits that it is not legally impossible that the amount in controversy exceeds $5 million and, out of necessity, concedes that *Back Doctors LTD. v. Metropolitan Property and Casualty Insurance Co*, No. 11-8003, 2011 WL 1206184 (7th Cir. April 1, 2011) is controlling. So there should not be any issue about the propriety of removal, especially in light of *Back Doctors'* formulation of the question: "Is recovery of more than $5 million impossible?" *Id.* at *2. The School has shown it is not impossible, Plaintiff herself says it is not, and that should be more than enough to meet the *Back Doctors* standard. And yet, even though she did not originally challenge the propriety of CAFA removal, Plaintiff now insists remand is required.

That is because Plaintiff reads in *Back Doctors* exactly what *Back Doctors* says is not required for satisfying the amount in controversy question in CAFA: "Defendants fail to satisfy the evidentiary standard set forth in *Back Doctors* by again proffering <u>no evidence</u>...." Response at 2 (emphasis in the original). *Back Doctors* does not require evidence of the amount in controversy. The case says, "Only jurisdictional facts, such as which state issued a party's certificate of incorporation, or where a corporation's headquarters are located, need be established by a preponderance of the evidence." *Back Doctors,* 2011 WL 1206184, at *2. The Seventh Circuit later clarified further that the only "proof" needed to support removal is "of any <u>contested</u> jurisdictional facts," of which there are none in this case. Beyond that, the defendant does not have to proffer any "evidence." *Id.* (emphasis added). Rather, the defendant is free simply to offer an estimate: "the defendant as proponent of federal jurisdiction is entitled to present its own <u>estimate</u> of the stakes." *Id.* (emphasis added). As long as that estimate is not legally impossible, the case belongs in federal court.

Plaintiff, while admitting these standards, wants to inject a fresh dose of ambiguity into this clear instruction by suggesting that the "estimate" the School provided on removal itself had to be backed by some level of admissible evidence, which would completely overturn the logic of *Back Doctors*. "Only jurisdictional facts" require evidence. An estimate need only be "presented," as it is the defendant's right to do, and not "legally impossible." *Id.* The definition of the word "estimate" is "a rough or approximate calculation." Webster's Ninth New Collegiate Dictionary at 425-26 (1986). Plaintiff's argument that these holdings and this definition require an additional layer of evidentiary <u>proof</u> is simply an invitation to reversible error. Indeed, the whole purpose of *Back Doctors* was to eliminate the misconception that a defendant's burden is to "establish[] a 'reasonable probability' that the amount in controversy exceeds $5 million"—a

wholly discredited burden based on a requirement of <u>evidence</u>. *Back Doctors,* 2011 WL 1206184, at *1. This standard earned a reversal in *Back Doctors,* and it is substantively no different than the standard Plaintiff still argues applies in this case.

In terms of the evidence in this case, Plaintiff does not argue that the School has offered "no evidence." Nor does Plaintiff actually deny that individual class members will be seeking more than $25,000 in damages, the amount she claimed in the Complaint. She merely claims the School lacks proof. The School is entitled to rely on a Complaint's allegations to satisfy the amount in controversy. *E.g., Meridian Security Insurance Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006) (stating that a defendant can establish the amount in controversy by, among other things, "calculation from the complaint's allegations..."). Sometimes plaintiffs put federal jurisdiction killing allegations in the Complaint, which is permitted, *see Back Doctors,* 2011 WL 1206184 at *2, but this was not done in this case. Plaintiff alleged she suffered more than $25,000 in damages, as measured by her alleged tuition and fees, and held herself out as representative of a putative class of students who enrolled around the same time she did (or after) and therefore paid the same tuition rates that she did (or more). Plaintiff hopes to rely on her seemingly self-defeating post-removal suggestion that some putative class members might have paid lower amounts of tuition and fees. The fact that she alleged herself to be representative of the class is supposedly not significant, according to Plaintiff, because the allegation supposedly was only referring to liability and not damages. But Plaintiff did not split this hair in her Complaint. She claimed she was "similarly situated" and suffered the same "wrongs" as the putative class, a broad allegation signaling that the class looks like her. Such late, speculative back-peddling merely to try to limit the amount in controversy and defeat federal court jurisdiction was specifically rejected in *Back Doctors* (where the plaintiff sought to reduce its

claim once the case was in federal court, see *Back Doctors*, 2011 WL 1206184 at *2-3), and it should be rejected here.

Plaintiff's insistence that there must be "evidence" to support to the School's estimate is wrong on its face, but the amount in controversy is satisfied no matter what the standard is. The effort to spin her own allegations is unavailing and does nothing to doubt the plausibility of the School's estimate based on the allegations as stated in the Complaint. Notwithstanding, since Plaintiff has injected this new supposed question about the meaning of her putative class allegations, the School offers a supplemental declaration under 28 U.S.C. § 1746[1] (filed concurrently herewith) to erase finally any doubt about tuition and putative class size. The declaration shows that putative class size number is actually many times _more_ than 200. About 1,541 students enrolled in the School's online program using Wisconsin addresses since January 1, 2005. The total tuition and fees for the School's various online programs for the January 2005 term ranged from $25,725 to over $75,000 (tuition rates generally rose annually). A putative class of 1,541 requires only a fraction of these tuition rates and fees to surpass $5 million. For example, if every other putative class member claimed only 13% of the amount Plaintiff purports to claim in tuition and fees (however unlikely this seems), the amount in controversy exceeds $5 million.

Plaintiff dodges the Court's second question about Plaintiff's lack of a basis for a class action in arbitration, falling back on her discredited first argument that removal was not proper under CAFA because of a supposed lack of "evidence" of the amount in controversy. Plaintiff is wrong on the first argument, and therefore her attempted distinction of *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805 (7th Cir. 2010) is invalid. Plaintiff is caught in an

---

[1] This statutory provision provides that, whenever any matter is required or permitted to be established or proved by a sworn declaration, affidavit or the like, it may be proven by an unsworn written declaration of the person making the statement provided it is subscribed as true under penalty of perjury and dated.

impossible position. The Court has already correctly held that Plaintiff cannot recover punitive damages. In light of *Back Doctors*, removal under CAFA basically has to be accepted. Her only chance of a remand would be to concede she has no class action. This in fact is the right conclusion, but Plaintiff will not concede it. *Cunningham* prevents the School from having to sacrifice the federal forum in order to defeat the putative class action claim. But if *Cunningham* were disregarded (which it should not be), there is no question that the only route to remand is a finding that a class action is impossible. The School is all in favor of this result, but it should be made in the context of the School's motion to compel arbitration.

Finally, Plaintiff accuses the School of forum shopping instead of moving to compel arbitration. The School had the right to remove under CAFA, and this is not forum shopping. Whether the motion to compel arbitration came before or after removal is immaterial, especially as the Notice of Removal specifically stated the School would be moving to compel arbitration.

**WHEREFORE**, for these additional reasons, the School respectfully requests that this Court enter an order vacating the remand Order, and grant the School's fully briefed motion to compel individual arbitration.

Respectfully submitted,

**HOMER BONNER**
*Attorneys for the School*

s/ Peter W. Homer
Peter W. Homer (*pro hac vice*)
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 350-5139
Direct Fax: (305) 982-0063
PHomer@Homerbonner.com

William F. Bauer
Karen M. Gallagher
COYNE, SCHULTZ, BECKER & BAUER, S.C.
*Attorneys for the School*
150 East Gilman Street, Suite 1000
Madison, Wisconsin 53703
Telephone: 608-255-1388
Facsimile: 608-255-8592
kgallagher@cnsbb.com

## CERTIFICATE OF SERVICE

This is to certify that on this 25th day of April 2011, a true and correct copy of the foregoing was served via ECF and U.S. Mail on the following:

James D. Wickhem
Meier, Wickhem, Lyons & Schulz, S.C.
*Attorneys for Plaintiff*
25 North Atwood Avenue
Janesville, WI 53545

Jonathan B. Cohen
John A. Yanchunis
Sean Estes
James, Hoyer, Newcomer, Smiljanich & Yanchunis, P.A.
*Attorneys for Plaintiff*
One Urban Centre, Suite 550
4830 West Kennedy Boulevard
Tampa, Florida 33609

Mark A. Peterson
McNally, Maloney & Peterson, S.C.
*Attorneys for Plaintiff*
2600 North Mayfair Road, Suite 1080
Milwaukee, WI 53226

                                                    s/ Peter W. Homer
                                                    Peter W. Homer

HOMERBONNER
1200 Four Seasons Tower • 1441 Brickell Avenue • Miami, Florida 33131
Telephone: (305) 350-5100